UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| Chris Gremmels,<br><br>        Plaintiff,<br><br>    v.<br><br>Emersons Sport Training and Fitness,<br><br>        Defendant. | Case No. 21-cv-06104-LB<br><br>**ORDER SCREENING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: ECF No. 1 |

**INTRODUCTION**

The plaintiff, Chris Gremmels, who represents himself in this action and is proceeding *in forma pauperis*, sued Emersons Sport Training and Fitness for violating "presumably a civil right to protect from stealth sex or drug agent schemes, legal or criminal, in employment OR a fair an explicit punishment immediately." Before directing the United States Marshal to serve the defendant with the complaint, the court must screen it for minimal legal viability. 28 U.S.C. § 1915(e)(2)(B). The complaint not only does not raise a federal claim but also fails to state a claim upon which relief may plausibly be granted. The court gives the plaintiff leave to amend the complaint by September 6, 2021.

## STATEMENT

The plaintiff alleges that he began working at Emersons in 1999,[1] and in 2001 engaged in "public sex with a fellow trainer and then a positive response to a surprising and unbidden offer of MDMA by another fellow trainer."[2] He then claims that "the building, the ground, or client contact, or all 3, transmitted narcotics to me." Ultimately, the complaint alleges the "problematic drug influences of building, land, and client . . . ruined my life."

## ANALYSIS

### 1. Sua Sponte Screening – 28 U.S.C. § 1915(e)(2)

A complaint filed by any person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an in forma pauperis complaint make and rule on its own motion to dismiss before directing the United States Marshals to serve the complaint under Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127. The Ninth Circuit has noted that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). As the Supreme Court has explained, "[the in forma pauperis statute] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

"Frivolousness" within the meaning of the in forma pauperis standard of 28 U.S.C. § 1915(d) and failure to state a claim under Rule 12(b)(6) are distinct concepts.

---

[1] Compl., ECF No. 1 at 3. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] ECF No. 1 at 4.

"A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*, 490 U.S. at 325). The definition of frivolousness "embraces not only the arguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the court has "'the unusual power to pierce the veil of the complaint's factual allegations,'" meaning that the court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32 (quoting *Neitzke*, 490 U.S. at 327). Frivolous claims include "'claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" *Id.* (quoting *Neitzke*, 490 U.S. at 328). "An in forma pauperis complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33. But "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* As the Ninth Circuit has explained, frivolous litigation "is not limited to cases in which a legal claim is entirely without merit . . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

Under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555 (cleaned up).

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Federal courts must construe *pro se* complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A *pro se* plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (internal quotations omitted).

**2. Application**

The court does not have federal jurisdiction over what is at best a state-law claim against Emersons. To the extent that a claim might exist, the plaintiff does not plausibly plead a claim.

First, federal-question jurisdiction exists only when a question of federal law is invoked. 28 U.S.C. § 1331; *Enwere v. Racy*, No. 13-cv-5541-JCS, 2014 WL 261458, at *3 (N.D. Cal. Jan. 23, 2014). Here, the complaint does not allege a violation of a federal law but only of "some civil right or law [that] is intended to protect an employee from any or at least specifically problematic and enslaving types of sex and drug schemes."[3] Thus there is no basis for finding federal-question

---

[3] ECF No. 1 at 6.

jurisdiction. While the defendant does not allege jurisdiction based on diversity, it is also clear the court lacks jurisdiction based on diversity as the defendant is based in California.[4] 28 U.S.C. § 1332(a) (diversity jurisdiction requires the plaintiff and defendant not reside in the same state and the amount of damages alleged exceed $75,000).

Second, the plaintiff does not plausibly state a claim. Under the "law or right violated" section, he says only that "some civil right or law" protects him.[5] He does not allege any specific claim or supporting factual allegations. This is insufficient. *Tannenbaum v. Cal. Dep't of Corrs. & Rehab.*, Case No. 18-6770 WHA (PR), 2019 WL 469975, at *1 (N.D. Cal. Feb. 4, 2019) (Although "specific facts are not necessary," the pleading must "give the defendant fair notice of what the claim is and the grounds upon which it rests"). He has not set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1).

The court identifies these errors and gives the plaintiff an opportunity to amend. In any amended complaint, the plaintiff must identify a basis for federal jurisdiction, outline each claim, and state the specific facts and actors that relate to each claim.

## CONCLUSION

The court has identified the complaint's deficiencies. The plaintiff may file an amended complaint by September 6, 2021, if he can cure the deficiencies. If the plaintiff does not file an amended complaint, the court will reassign the case to a district judge and recommend that the newly assigned judge dismiss the case. Alternatively, the plaintiff may also voluntarily dismiss this case by filing a one-page notice of voluntary dismissal, which will operate as a dismissal without prejudice and allow him to pursue his claims later.

**IT IS SO ORDERED.**

Dated: August 13, 2021

LAUREL BEELER
United States Magistrate Judge

---

[4] ECF No. 1 at 2 (Defendant's alleged address is "5095 Telegraph Ave., Oakland CA 94609").

[5] ECF No. 1 at 6.